UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WENDY TOWNLEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SECRETARY OF STATE ROSS MILLER,<br>in his official capacity,<br><br>Defendant. | CASE NO.: 3:12-CV-00310-RCJ-WGC<br><br>ORDER DENYING AS MOOT DEFENDANT'S EMERGENCY MOTION FOR CLARIFICATION OR MODIFICATION OF ORDER, OR IN THE ALTERNATIVE, TO ENTER A WRITTEN ORDER |

The Court denies as moot Defendants Emergency Motion for Clarification or Modification of Order, or in the Alternative, to Enter a Written Order and strikes the Order (ECF #47) entered August 30, 2012 setting hearing on the same. On September 5, 2012, the Appellate Court entered its order staying the entry of a preliminary injunction in this case and specifically terminating this Court's jurisdiction in the matter. Accordingly the Emergency Motion for Stay Pending Appeal, and Motion for Clarification, before this Court is moot.

Judge Reinhardt separately wrote, apparently without any felt inhibition from his colleagues, to impugn the personal integrity and motivation of the undersigned judge. Accordingly, I respond.

The Courtroom Deputy for this Court made a docket entry reflecting the minutes of the Court's oral hearing on August 22, 2012. It is the practice of this Court, together with many of the

District Courts across the country, to make a docket entry in each case reflecting the fact and date of oral argument on its calendar and the minutes of the hearing. Sometimes the Court will state orally on the record an actual decision and direct the Clerk to enter its decision as a Minute Order on the docket. More often, the Court may simply announce its intended decision for the benefit and convenience of the parties, and make clear that the actual decision will be embodied in a written order to follow. The later example is what occurred in this case. The docket entry makes clear that it is a docket entry of the Clerk of the Court and does not contain any minute order. The transcript of the hearing was also clear in its intendment. Nevertheless the appellate court construed the minute entry as a final order granting the motion for preliminary injunction. Accordingly, the filing of the notice of appeal deprived this Court of further jurisdiction.

Unfortunately, Judge Reinhardt chose to write separately impugning the personal integrity and motivation of the undersigned judge. Hopefully, his separate decision does not reflect a trend in appellate decision writing to attack the integrity and motivation of a colleague or lower court judge, rather than simply pointing out the error in a lower court opinion. His assertion is false. Judge Reinhardt writes that the undersigned intended to defeat appellate jurisdiction over the Court's decisions over this case. Contrary, this Court clearly indicated its intent to embody its decision in a written order, and it was the clear contemplation of the Court and all the parties that the Defendant would file a notice of appeal forthwith, following that entry. In fact, for the convenience of the Defendant and to avoid the need to file a written motion for stay pending appeal, upon oral motion of the Defendant, this Court indicated its intent to deny the motion for stay pending appeal. All judges recognize such an oral statement to be for the convenience of the parties and so that they would have a record of denial by the lower court judge to show the same to the appellate court. However, it was clear, as stated by the undersigned on the transcript, that this Court intended to

embody its decision in a written order which would be entered after the Court further considered the briefs. This Court has no further jurisdiction to enter such an order, although the undersigned was considering making revisions to its stated intent to grant the injunction in whole.

This case was originally assigned to Senior Judge Edward Reed. Judge Reed has announced his decision to take no further cases and to reassign all pending cases effective September 30, 2012. After September 30, 2012 the Chief Judge will have to reassign those cases to other sitting judges. In the meantime, Judge Reed has decided to transfer some cases on a case by case basis. To date he has presently submitted several dozen for reassignment. On each such occasion the undersigned has submitted such cases for random draw, or specifically taken the case if there was a pending emergency or other time constraint or imposition upon one of my colleagues. Accordingly, I took reassignment of this case as soon as and immediately after the matter was brought to my attention. In addition, I attempted to set it for oral argument and hearing at the nearest possible date and to allow briefing by the parties. The undersigned takes most motions on oral argument and normally does not enter a decision simply on the briefs. Judge Reinhardt's suggestion of a nefarious motivation is false.

The undersigned was quite surprised when Judge Reinhardt contacted my Chambers through the Ninth Circuit Clerks Office and requested early entry of the order granting preliminary injunction, in light of a preliminary hearing date set by himself on the Defendants Emergency Motion to the Ninth Circuit for Stay Pending Appeal. I am not even sure if Judge Reinhardt was on the motions panel for the month of August, 2012, which panel is designated each month to hear all early motions in a case. Such contact for the purpose of influencing the lower court's decision and earlier entry of its order, in order to establish appellate jurisdiction is an inappropriate judicial activity. Accordingly, and in response thereto I entered an Order (ECF #47) on August 31, 2012 requesting

briefs from the parties on the motion for stay pending appeal and setting an oral argument date. The Order indicated my clear intent to receive the parties written authorities on a stay pending appeal and to issue a more careful decision thereon.

The appellate Court motions panel decision to interpret the Clerk of Court's Docket Entry (ECF #39) as a final order is wholly appropriate and within its judicial prerogative. Judge Reinhardt's separate decision to impugn the integrity and motivation of the undersigned judge, together with his contact to Chambers through the Ninth Circuit Clerks's Office, was an example of assumption of power by one individual which is not acceptable in our judicial system.

IT IS SO ORDERED.

DATED: This 5th day of September, 2012.

_____
ROBERT C. JONES
Chief Judge